**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jesus TRUJILLO–BRAVO,
Defendant—Appellant.**

**No. 09–10434.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 29, 2010.

Monte Cress Clausen, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Matthew Harrison Green, Esquire, Tucson, AZ, for Defendant–Appellant.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jesus Trujillo–Bravo appeals from the 57–month sentence imposed following his guilty-plea conviction for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We decline to review Trujillo–Bravo's contention that the district court misapplied this Court's precedent concerning the departure from the Sentencing Guidelines based on cultural assimilation. "After *Booker,* the scheme of downward and upward departures has been replaced by the requirement that judges impose a reasonable sentence." *United States v. Tankersley,* 537 F.3d 1100, 1113 (9th Cir.2008) (citing *United States v. Mohamed,* 459 F.3d 979, 986 (9th Cir.2006)). "The old departure scheme is relevant today only insofar as factors that might have supported (or not supported) a departure may tend to show that a non-guidelines sentence is (or is not) reasonable." *Tankersley,* 537 F.3d at 1114.

The record indicates that the district court's sentencing explanation was adequate under the circumstances, and that the court did not otherwise procedurally err. *See Rita v. United States,* 551 U.S. 338, 359, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v. Carty,* 520 F.3d 984, 991–93 (9th Cir.2008) (en banc). Under the totality of the circumstances and the factors set forth in 18 U.S.C. § 3553(a), we cannot say that the 57–month bottom-of-the-Guidelines sentence imposed by the district court was substantively unreasonable. *See Carty,* 520 F.3d at 993.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.